■ The People of the State of New York v. Theodore Kriloff.— The defendant moves pursuant to section 524-a of the Code of Criminal Procedure to amend the notice of appeal dated March 30, 1962, so as to recite that the appeal from the judgment of conviction entered March 28, 1962 by Magistrate Chapman, sitting as a Court of Special Sessions, is taken to the Appellate Division, First Department, rather than, as it presently recites, to the Appellate Part of the Court of Special Sessions. For reasons discussed below, the motion is dismissed as unnecessary. From the papers, it appears that this appeal was

pending and on the calendar of the Appellate Part of the Court of Special Sessions on August 31, 1962. Had an application been made, that court would have been obliged to dismiss the appeal (cf. *People* v. *Coppola*, 6 N Y 2d 970). After September 1, 1962, however, appellate courts no longer had the authority to dismiss appeals which were erroneously taken to them. The new judiciary article (N. Y. Const., art. VI) provides in subdivision b of section 5: "If any appeal is taken to an appellate court which is not authorized to review such judgment or order, the court shall transfer the appeal to the appellate court which is authorized to review such judgment or order." Appeals pending on September 1, 1962 in the Court of Special Sessions, pursuant to the provisions of section 34 of article VI, were transferred to the Appellate Division of the appropriate Department. At the same time the Appellate Division was authorized to direct that the Appellate Terms of the Supreme Court in the First and Second Judicial Departments should hear and determine the appeals pending in the Appellate Part of the Court of Special Sessions. Pursuant to the transitional powers granted to this court in section 4 of chapter 684 of the Laws of 1962, an order was entered on June 25, 1962 transferring all appeals pending on August 31, 1962 in the Appellate Part of the Court of Special Sessions in the First Department, to the Appellate Term of the Supreme Court, First Judicial Department. It should be noted that under section 8 of article VI of the Constitution this court has, on July 11, 1962, directed that all appeals from the New York City Criminal Court (the successor to the Court of Special Sessions and the Magistrates' Court) should be heard and determined in the Appellate Term of the Supreme Court, First Judicial Department. It would appear thus that when the appeal in this case (which was pending on the calendar of the Appellate Part of the Court of Special Sessions) was transferred, pursuant to the provisions of the Constitution and the orders of this court, to the Appellate Term of the Supreme Court, First Judicial Department, fortuitously the case arrived in the court which now is authorized to hear and determine all appeals from judgments of conviction entered in the abolished Magistrates' Court even when a Magistrate thereof was sitting as a Court of Special Sessions. Because the appeal is now pending in the proper court albeit through a tortured route, there is no need for the present motion. The motion is dismissed. Concur — Botein, P. J., Rabin, Stevens, Eager and Steuer, JJ.